## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| **BLACK CAT EXPLORATION AND PRODUCTION, L.L.C.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:15-CV-51-P-BL** |
| **MWW CAPITAL LIMITED; ELW CAPITAL LIMITED; EDEN CORPORATE FINANCE LTD.; AND ALISON CROSS, ELAINE FLORES, AND DANA KNOLLENBERG, SUBSTITUTE TRUSTEES,** | § § § § § § | |
| **Defendants.** | § § | |

### DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Subject to Defendants' defenses pursuant to Fed. R. Civ. P. 12 and subject to Defendants' forthcoming Motion to Dismiss for Forum Non Conveniens, and without waiving same, Defendants MWW Capital Limited, ELW Capital Limited, Eden Corporate Finance Limited, improperly sued as "Eden Corporate Finance Ltd.", Alison Cross, Elaine Flores and Dana Knollenberg (collectively "Defendants") file this their Brief in Support of Defendants' Motion to Strike Plaintiff's Reply Brief in Support of Plaintiff's Motion to Remand ("Motion to Strike") and would respectfully show the Court as follows:

# I.
# SUMMARY

Plaintiff has filed its Reply to Defendants' Brief in Response to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs ("Reply Brief") as well as its Appendix to Plaintiff's Reply to Defendants' Brief in Response to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs ("Reply Appendix"). Plaintiff's Reply Brief and Reply Appendix seek to introduce new evidence and new legal arguments at the reply brief stage of briefing on Plaintiff's Motion to Remand. Plaintiff did not request leave of court to present new arguments or new evidence. Further, through its Reply Brief, Plaintiff purports to incorporate into its Motion to Remand certain arguments and authorities from Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Application for Preliminary Injunction ("Preliminary Injunction Reply"). The Court should strike the newly raised evidence and arguments, as well as the arguments Plaintiff seeks to incorporate from other briefing in the litigation which was not included in Plaintiff's Motion to Remand, because Defendants have not had an opportunity to respond. Plaintiff's Reply Brief also flagrantly violates this Court's local rules related to page limitations on reply briefs. For the foregoing reasons, the Court should strike Plaintiff's Reply Brief.

# II.
# PROCEDURAL BACKGROUND

1.      On March 11, 2015, Defendants properly removed this action from the 42nd District Court, Callahan County to this Court.  (Doc. No. 1).

2.      On March 13, 2015, Plaintiff filed its Motion to Remand and Request for Attorney's Fees and Costs ("Motion to Remand") requesting that the Court remand this case to the state court and award Plaintiff its costs, expenses, and attorneys' fees. (Doc. No. 4).

3.      On April 3, 2015, Defendants filed their Brief in Response to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs ("Response Brief"). (Doc. No. 15.)

4.      On April 8, 2015, Plaintiff filed its Reply Brief and Reply Appendix. (Doc. Nos. 18-19.)

### III.
### ARGUMENT AND AUTHORITIES

**A.    The Court Should Strike Plaintiff's Reply Brief Because Plaintiff Raises New Arguments For The First Time In Its Reply Brief**

5.      Plaintiff's Reply Brief impermissibly raises numerous arguments that were not originally asserted in Plaintiff's Motion to Remand.[1] These new arguments should be stricken from Plaintiff's Reply Brief and the Court should not consider them when deciding Plaintiff's Motion to Remand.

6.      When new argument is raised in a reply brief, the court has discretion to (1) not consider the new arguments, (2) permit the non-movant to file a sur-reply to respond to the briefing, or (3) consider the new argument but deny movant's motion. *See Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012); *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) ("A court can decline to consider an argument raised for the first time in a reply brief."); *Eagle TX I SPE LLC v. Sharif & Munir Enters.*, 2014 U.S. Dist. LEXIS 23138, at *1-2 (N.D. Tex. Feb. 24, 2014); *Hill v. Hunt*, 2009 U.S. Dist. LEXIS 120670, at *21-22 (N.D. Tex. Dec. 29, 2009) (declining to consider

---

[1] The following arguments are raised for the first time in Plaintiff's Reply Brief and should be stricken: (a) injunctive relief warrants remand  (¶¶ 4-6, 16, 17, 32, 36); (b) a substitute trustee included as a "proper party" to a lawsuit warrants remand (¶¶ 4, 5, 6, 7, 32-34, 36); (c) Substitute Trustee Defendants are liable as  "successor Trustees" (¶¶ 7, 13-18, 26, 28, 30, 31, 36); (d) Plaintiff has pled in further detail (¶ 9); (e) Substitute Trustee Defendants are allegedly liable for Eden Corporate Finance's or Black Cat's acts under the Deed of Trust or Loan Agreement (¶ 14-18, 36); (f) Substitute Trustee Defendants can recover interest or have rights under the Deed of Trust or Loan Agreement (¶¶ 18-26, 28, 29, 36); (g) Substitute Trustee Defendants are fiduciaries (¶ 23, 36); (h) Plaintiff could proceed without the lender in state court (¶ 29); (i) Texas Declaratory Judgment Act requires remand (¶¶33-34, 36, 37); (j) failure to give notice of intent to accelerate is a cause of action (¶ 36); (k) enforcement of Deed of Trust is a cause of action (¶ 36).

argument raised in reply brief that was only referenced in a footnote in motion); *Lawson v. Parker Hannifin Corp.*, 2014 U.S. Dist. LEXIS 37085, at *16-17 (N.D. Tex. Mar. 20, 2014); *Murray v. TXU Corp.*, No. 3:03-cv-0888-P, 2005 U.S. Dist. LEXIS 10298, at *4, *12-*15 (N.D. Tex. May 27, 2005); *Brackens v. Dallas Indep. Sch. Dist.*, No. 3:09-cv-0642, 2010 U.S. Dist. LEXIS 138207, at *12 (N.D. Tex. Sept. 20, 2010).

7.      "It is well established that a movant should not be permitted to cure by way of reply what is in fact a defective motion." *Weber*, 455 F. Supp. 2d at 551. "Moreover, the court can decline to consider an argument raised for first time in a reply brief." *Id.* "[T]he Northern District of Texas follows the rule that generally a court should not consider arguments raised for the first time in a reply brief." *Newby v. Enron Corp. (In re Enron Corp. Secs)*, 465 F. Supp. 2d 687, 691 (N.D. Tex. 2006) (citing *Pennsylvania General Ins. Co. v. Story*, No. Civ. A. 3:03-cv-0330-G, 2003 U.S. Dist. LEXIS 9923 (N.D. Tex. June 10, 2003)).

8.      In *Weber*, the Northern District of Texas held that the introduction of new evidence and argument in the reply brief was essentially an impermissible mechanism for amending and supplementing the original motion to add a new basis for relief. *See Weber*, 455 F. Supp.2d at 551.

9.      Plaintiff's Reply Brief is replete with new argument. For example, for the first time, Plaintiff raises the theory that the Substitute Trustee Defendants Allison Cross, Elaine Flores, and Dana Knolleberg ("Substitute Trustee Defendants") are "successor trustees" and attributes the actions of the lendors and Eden Corporate Finance to these attorney Substitute Trustee Defendants. (Doc. No. 18 at ¶¶ 7, 13-18, 26, 28, 36.) Plaintiff never raised the issue of successor liability in its Motion to Remand or its operative pleading. In fact, Plaintiff refers to the Substitute Trustee Defendants as Substitute Trustees in the caption of its pleading. All

argument that characterizes the Substitute Trustee Defendants as successor trustees should be stricken by the Court.

10.     For the first time, in its Reply Brief, Plaintiff references potential causes of actions that purportedly require remand, including: (1) the usury of its predecessor trustee, (2) the successor's own usury, (3) failure to give notice of intent to accelerate, (4) attempting to enforce a Deed of Trust that does not even have a proper conveyance of the property in trust, (5) attempting to enforce loan agreement and Deed of Trust terms for the benefit of the successor Trustees themselves, (6) attempting wrongful foreclosure, (7) breach of fiduciary duty, (8) declaratory relief, and (9) injunctive relief. (Doc. No. 18 at ¶ 36.) In addition to the new arguments identified in footnote 1 of this brief, Plaintiff did not raise these issues or potential causes of action in its operative pleading or in its Motion to Remand. All new arguments asserted by Plaintiff in its Reply Brief for the first time should be stuck by the Court.

**B.     The Court Should Strike Plaintiff's Reply Brief and Reply Appendix Because Plaintiff Impermissibly Presents New Evidence**

11.     This Court should strike Plaintiff's Appendix in Support of its Reply Brief and paragraphs 14, 18, and 36 of its Reply Brief, which rely upon this new evidence.

12.     It is well established that a party may not file evidence with a reply brief without first obtaining leave of court. *See Weber*, 455 F.Supp.2d at 551; *Racetrac Petroleum, Inc., v. J.J.'s Fast Stop, Inc.*, 2003 U.S. Dist. LEXIS 1569, at *19 (N.D. Tex. Feb. 3. 2003) *United States v. City of Dallas*, No. 3:09-1452-O, 2011 U.S. Dist. LEXIS 119046 (N.D. Tex. 2011); S*prings Indus., Inc. v. American Motorists Ins. Co*., 137 F.R.D. 238, 239-40 (N.D. Tex.1991). "A reply appendix filed without leave of court and without a certificate of conference is improper. . ." *Lawson*, 2014 U.S. Dist. LEXIS 37085 at *16.

13.     Plaintiff filed its Reply Appendix and a new declaration of Anthony Mason in support of its Reply Brief.  (Doc. No. 19.)  This introduction of new evidence is impermissible because: (1) it was filed for the first time with Plaintiffs' Reply Brief; (2) Plaintiff did not confer with Defendants' counsel regarding the Reply Appendix; (3) Plaintiff did not seek leave of this Court to file its Reply Appendix; and (4) the Declaration is deficient in that it contains hearsay and violates the rules of evidence. As such, this Court should strike Plaintiff's Reply Appendix and disregard any arguments raised by Plaintiff that relies on new evidence.

**C.     The Court Should Strike Plaintiff's Reply Brief Because Plaintiff Purports to Incorporate Certain Arguments By Reference From Other Briefing in the Litigation Not Related to Plaintiff's Motion to Remand**

14.     Plaintiff purports to incorporate certain arguments and authorities from its Preliminary Injunction Reply. (Doc. No. 18 at ¶ 3.)  Plaintiff attempts to "reargue" this argument because it did not raise any of this argument in its Motion to Remand and concedes that it is raising "additional facts and authorities."  (Doc. No. 18 at ¶ 3.) The argument contained within the Preliminary Injunction Reply, as referenced in paragraphs 1, 3, 9, and 15 of Plaintiff's Reply Brief, should be stricken for impermissibly incorporating new arguments from the Preliminary Injunction Reply.

15.     A motion must state with particularity the grounds for seeking the order and state the relief sought. FED. R. CIV. PRO. 7(b)(1); *see Burr v. Caskey*, 2005 U.S. App. LEXIS 4840 (5th Cir. Mar. 25, 2005). This particularity requirement gives notice to the court and the opposing party, providing the opposing party the opportunity to respond and providing the court with enough information to process the motion correctly. *Kelly v. Moore*, 376 F.3d 481, 484 (5th Cir. 2004). Pursuant to Rule 7(b), in responding to a motion for remand, "a defendant need not

provide evidence in opposition to an issue not raised in the motion papers." *Honsaker v. Robert Bosch Corp.*, No. EP-03-CA-339, 2004 U.S. Dist. LEXIS 9040, at *4 (W.D. Tex. May 18, 2004).

16.     A party may not incorporate arguments by reference into a subsequent motion, let alone a reply brief, as "[p]rocedurally, this eviscerates the court's page limit restriction." *Saffran v. Boston Sci. Corp.*, No. 2-05-cv-547, 2008 U.S. Dist. LEXIS 52557 (E.D. Tex. July 9, 2008). The practice of incorporating briefing by reference "leaves the court to speculate which specific argument [movant] intended to incorporate into the Motion." *Id.* Accordingly, incorporating argument by reference is procedurally impermissible. *See id.*

17.     Plaintiff impermissibly seeks to incorporate arguments and evidence not raised in its Motion to Remand by referencing its Preliminary Injunction Reply.   Incorporating the arguments raised in its Preliminary Injunction Reply at the reply briefing stage of its Motion to Remand violates Rule 7(b) and undermines this Court's local rules.

18.     In responding to a motion to remand, a defendant need only respond to those specific issues raised by the Plaintiff in its motion remand. *See Honsaker*, 2004 U.S. Dist. LEXIS 9040 at *4. By referencing in its Reply Brief for the first time its general arguments raised in its Preliminary Injunction Reply brief, Plaintiff has deprived Defendants of the opportunity to respond to particularized arguments. To permit Plaintiff to incorporate by reference its Preliminary Injunction Reply, would allow Plaintiff to file the equivalent of a forty-three (43) page reply brief with an eleven (11) page Appendix of new facts in violation of this Court's local rules. As Plaintiff failed to comply with Federal Rule of Civil Procedure 7(b) and blatantly disregarded this Court's local rules, paragraphs 1, 3, 9, and 15 of the Reply Brief and the Reply Brief Appendix should be stricken.

**D.      The Court Should Strike Plaintiff's Reply Brief Because it Violates the N.D. Tex. Local Rules.**

19.      In filing its twenty-one (21) page[2] Reply Brief, for the second time in this litigation, Plaintiff has violated the local rules' page limit restriction on reply briefs.[3]  Local Rule 7.2 requires that a reply brief may not exceed ten (10) pages in length unless the filer seeks leave from the Court based on extraordinary and compelling reasons. Plaintiff has failed to demonstrate extraordinary and compelling reasons for exceeding the local rules' page limitation and has failed to seek leave of Court for doing same.  Where a party has filed a reply brief in excess of the Court's local rule, the Court may decline to consider any authority, arguments or the content contained in the excessive pages. *HCC Aviation Ins. Grp., Inc. v. Emplrs. Reinsurance Corp.,* No. 3:05-cv-744-M (BH), 2008 U.S. Dist. LEXIS 124998, *7 (N.D. Tex. Feb. 25, 2008).

20.      In *HCC Aviation Insurance Group*, the petitioner filed a twenty-one (21) page Reply Brief in Support of a Fee Application. Because the petitioner failed to seek leave to exceed the page limit, the Court held it would only consider the first ten pages of the petitioner's reply. *Id.* (citing *Nat'l Architectural Prods. Co. v. Atlas-Telecom Servs.-USA*, 2007 U.S. Dist. LEXIS 51182 (N.D. Tex. July 13, 2007)).

21.      Because Plaintiff's Reply Brief raises new arguments and relies on new evidence, and because it seeks to incorporate arguments not originally raised in its Motion to Remand, and because Plaintiff's Reply Brief violates the local rules of the Northern District of Texas, the Court should strike Plaintiff's Reply Brief.

---

[2] The total brief is twenty-seven (27) pages. Excluding the Table of Contents, Table of Authorities, and signature of counsel, the brief is twenty-one (21) pages.
[3] Plaintiff's Preliminary Injunction Reply Brief is twenty-two (22) pages long excluding counsel's signature and Certificate of Service. (Doc. No. 11.)

WHEREFORE, Defendants MWW Capital Limited, ELW Capital Limited, Eden Corporate Finance Limited, Alison Cross, Elaine Flores and Dana Knollenberg respectfully request that this Court strike Plaintiff's Reply to Defendants' Brief in Response to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs and strike Plaintiff's Appendix to Plaintiff's Reply to Defendants' Brief in Response to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs, and grant Defendants such other relief as this Court finds justified and proper.

Respectfully submitted,

s/ M. Kasey Ratliff
**M. KASEY RATLIFF**
State Bar No. 24041751
kasey.ratliff@strasburger.com
**KIMBERLY H. MURPHY**
State Bar No. 24075619
kim.murphy@strasburger.com
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

On April 14, 2015, the undersigned conferred with Plaintiff's counsel Ross Spence regarding the contents of this Motion. Counsel for Defendants and Plaintiff were unable to come to a resolution of the Motion. Plaintiff opposes this Motion.

s/ M. Kasey Ratliff
**M. KASEY RATLIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this document was filed electronically with the Clerk of the Court of the United States District Court for the Northern District of Texas on this 15th day of April 2015 by using the CM/ECF system which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

s/ M. Kasey Ratliff
**M. KASEY RATLIFF**